MEMORANDUM *
Hanwei Wu, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from the immigration judge’s (“IJ”) decision denying his application for withholding of removal.[1] We have *27 jurisdiction pursuant to 8 U.S.C. § 1252.[2] This Court reviews questions of law de novo. Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000). We review factual determinations for substantial evidence. Id. (“Under the substantial evidence standard of review, the court of appeals must affirm when it is possible to draw two inconsistent conclusions from the evidence.”) (citing Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir.1999) (en banc)). For us to disturb the BIA’s decision, petitioner must show “the evidence not only supports ... but compels ” reversal. INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
An alien seeking withholding of removal must establish a clear probability of persecution—namely that it is more likely than not that his “life or freedom would be threatened”—on account of his race, religion, nationality, membership in a particular social group, or political opinion if he returned to his home country. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. 1208.16(b); Lim v. INS, 224 F.3d 929, 937-38 (9th Cir.2000) (citing INS v. Stevic, 467 U.S. 407, 424, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)); Duarte de Guinac v. INS, 179 F.3d 1156, 1159 (9th Cir.1999).
Because Wu converted to IKuan Tao after he arrived in the United States, he did not suffer past persecution in China on account of his religion. Wu could still qualify for withholding of removal if he showed that it is more likely than not that his life or freedom would be threatened on account of his conversion to I-Kuan Tao. Wu failed to do so, even accepting that he is credible. See Prasad v. INS, 101 F.3d 614, 616 (9th Cir.1996). Wu’s showing before this court, including the translation of Qiao Bao News’ March 15, 2002 article entitled “Tianjin Suppressed I-Kuan Tao (first part),” does not compel a determination that he is likely to be persecuted if returned to China.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Wu does not challenge the BIA's denial of his asylum application, nor the BIA's denial of relief under the Convention Against Torture. Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (failure to raise an argument in an opening brief constitutes waiver).

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.